10-21715.o1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-21715-CIV-MARTINEZ-BROWN

BERNARD MOROCHO,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Defendant's Motion to Compel Arbitration (D.E. 3) and on Plaintiff's Motion for Remand (D.E. 13). The court has reviewed the Motions, the Responses and the Replies and is otherwise fully advised. Additionally, a hearing was held on October 21, 2010, at which the Court heard argument of counsel.

### Procedural History

Plaintiff, a Peruvian seaman who worked aboard a ship owned by Defendant, originally filed this five count complaint in the Circuit Court for the Eleventh Circuit, Dade County, Florida, alleging Jones Act Negligence; Unseaworthiness, Failure to Provide Maintenance and Cure, Failure to Treat; and Wages and Penalties, under 46 U.S.C. A. §10313. Defendant removed the case to this Court, alleging subject matter jurisdiction pursuant 9 U.S.C. §201, *et seq.*, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards Act ("the Convention"/"the Convention Act") based on the terms of a Seafarer's Agreement ("the Agreement") which provides for

compulsory foreign arbitration of all claims arising out of Plaintiff's employment.[1]

The Agreement includes, *inter alia*, the following pertinent provisions:

> 7. <u>Arbitration.</u>  Except for a wage dispute governed by CCL's Wage Grievance Policy and Procedure, any and all disputes arising out of or in connection with this Agreement, including any question regarding its existence, validity, or termination, or Seafarer's service on the vessel, shall be referred to and finally resolved by arbitration under the American Arbitration Association/International Centre for Dispute Resolution International Rules, which Rules are deemed to be incorporated by reference into this clause.  The number of arbitrators shall be one.  The place of arbitration shall be London, England, Monaco, Panama City, Panama or Manila, Philippines whichever is closer to Seafarer's home country.  The Seafarer and CCL must arbitrate in the designated jurisdiction, to the exclusion of all other jurisdictions. ...
>
> 8. <u>Governing Law.</u>  This Agreement shall be governed by, and all disputes arising under or in connection with this Agreement or Seafarer's service on the vessel shall be resolved in accordance with the laws of the flag of the vessel on which Seafarer is assigned at the time the cause of action accrues, without regard to principles of conflicts of laws thereunder.  The parties agree to this governing law notwithstanding any claims for negligence, unseaworthiness, maintenance, cure, failure to provide prompt, proper and adequate medical care, wages, personal injury, or property damage which might be available under the laws of any other jurisdiction.
>
> 9. <u>Severability.</u>  If any provision, term or condition of this Agreement is invalid or unenforceable for any reason, it shall be deemed severed from this Agreement and the remaining provisions, terms and conditions of this Agreement shall not be affected thereby and shall remain in full force and effect.

Defendant moves to compel foreign arbitration, while Plaintiff moves to remand the action pursuant to 28 U.S.C. §1447.

## Discussion

In deciding whether to compel arbitration under the Convention Act, "a court conducts 'a

---

[1] A case covered by the Convention confers federal subject matter jurisdiction upon a district court because the case is "deemed to arise under the laws and treaties of the United States." 9 U.S.C. §203.  The Convention Act provides for removal before the start of trial when the dispute relates to an arbitration agreement or arbitral award covered by the Convention.  <u>See</u> 9 U.S.C. §205.

very limited inquiry.'" Bautista v. Star Cruises, 396 F.3d 1289, 1294 (11th Cir. 2005) (citations omitted).[2] Unless there is an affirmative defense which prevents the application of the Convention Act, arbitration should be compelled, provided the following jurisdictional prerequisites are met:

> (1) there is an agreement in writing to arbitrate the dispute;
> (2) the agreement provides for arbitration in the territory of a signatory of the Convention;
> (3) the agreement arises out of a legal relationship, whether contractual or not, that is considered commercial; and
> (4) one party to the agreement is not a United States citizen, *or* the commercial relationship at issue has some reasonable relation with a foreign state.

Thomas v. Carnival Corp., 573 F.3d 1113, 1117 (11th Cir. 2009), cert. denied, 130 S. Ct. 1157 (2010) (citing Bautista, 396 F. 3d at 1294 n. 7).

In Thomas, the Eleventh Circuit found that Article V of the Convention "provides specific affirmative defenses to a suit that seeks a court to compel arbitration," including:

> Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that ... [t]he recognition or enforcement of the award would be contrary to the public policy of the country.

573 F.3d at 1120 (quoting Article V(2)(b)).

Plaintiff does not contend that any of the four jurisdictional factors are absent. Instead, Plaintiff makes the following arguments: (1) the arbitration clause violates public policy and is therefore void because when the choice-of-forum clause is read in conjunction with the choice-of-law provision, it operates as a prospective waiver of Plaintiff's right to pursue his statutory remedies under U.S. law; and (2) the arbitration clause violates public policy because it attempts to deprive Plaintiff of his Jones Act rights to pursue his claims in state court and have them tried by a jury. On

---

[2] In Bautista, the Eleventh Circuit held that a seaman's Jones Act claim was subject to arbitration under the Convention. 396 F.3d at 1299-1300.

those grounds, Plaintiff opposes arbitration and moves to remand the case to state court.[3]

The first issue which must be determined, given the language of the arbitration provision which provides that "any question regarding [the Agreement's] ... validity...shall be referred to and finally resolved by arbitration," is whether this Court should be making the determination on the claims raised by Plaintiff that arbitration of his claims would violate public policy. The Court finds that because Plaintiff has framed his issues as challenges to the validity of the arbitration delegation clause itself, as opposed to the entire Agreement, they are for the Court to resolve. See Rent-A-Center, West, Inc. v. Jackson, 130 S. Ct. 2772 (2010).

### Choice of Forum/Law

In Thomas, the Eleventh Circuit held that the provisions of a seafarer's agreement which provided that the seafarer must arbitrate in the Philippines and under Panamanian law "operated in tandem as a prospective waiver" of his Seaman's Wage Act claim. 573 F.3d at 1122. The Court therefore found the arbitration clause "null and void" under Article V(2)(B) of the Convention. Id. at 1123-24 (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614 (1985)).[4]

---

[3]Plaintiff additionally argues that his maintenance and cure claims could not have been removed because they are not part of the seaman's contract, but are part of the employment relationship which cannot be contracted away. See Al-Zawkari v. American Steamship Co., 871 F.2d 585 (6th Cir. 1989). The fact that claims may be submitted to arbitration does not mean that they are being "contracted away." The Agreement in this case provides that "[e]xcept for a wage dispute governed by CCL's Wage Grievance Policy and Procedure, any and all disputes arising out of or in connection with this Agreement, including any question regarding ... Seafarer's service on the vessel, shall be referred to and finally resolved by arbitration ... ." A dispute over failure to pay maintenance and cure falls under the above definition. Accordingly, this argument is rejected. See, e.g., Krstic v. Princess Cruise Lines, Ltd., Case No. 09-23846, 2010 WL 1542083, at *4 (S.D. Fla. Mar. 25, 2010).

[4]It appears that the agreement at issue in Thomas contained the same separate arbitration and choice of law provisions as are contained in the Agreement in this case. Although the plaintiff in Thomas had also brought claims for Jones Act negligence, unseaworthiness, maintenance and cure, the Eleventh Circuit determined that only the Seaman's Wage Act claim was subject to the agreement because the other claims arose prior to the plaintiff's entry into that agreement. See id.

In determining whether the arbitration agreement was unenforceable as against public policy, the Eleventh Circuit recognized Supreme Court precedent which held that "arbitration clauses should be upheld if it is evident that either U.S. law definitely will be applied or if, there is a possibility that it might apply *and* there will be later review." Thomas, 573 F.3d at 1123 (citing Vimar Seguros y Reaseguros v. M/V Sky Reefer, 515 U.S. 528 (1995)) (emphasis in original). The Court found that because there was "no uncertainty as to the governing law in these proposed arbitral proceedings - only Panamanian law will be applied," the arbitration requirements "operated in tandem" to completely bar [plaintiff] from relying on any U.S. statutorily-created causes of action." Id. at 1123. The Court additionally noted that there would be no "opportunity for review" of the Seaman's Wage Act claim, the single issue for arbitration, because if the arbitrator applied Panamanian law, there would be nothing to enforce in the U.S. courts. Id. at 1124-25.

Initially, this Court finds that the reasoning of Thomas equally applies to Plaintiff's Jones Act claim. Defendant argues that Thomas does not control because Plaintiff herein has also brought non-statutory claims which will be subject to arbitration, allowing for the possibility of an award which can be reviewed when the plaintiff moves to enforce it. As the memoranda filed in connection with this motion indicate, this district's courts are split on the issue of whether to compel arbitration in such a circumstance. However, this Court disagrees with Defendant's position.

In Thomas, the Court held that in addition to the availability of later review, there must also be at least a possibility that U.S. law will apply. Unlike in Vimar, in this case under the Agreement as written, there is no uncertainty as to what law will be applied (it will be Panamanian), and there is no possibility that U.S. law will apply. Therefore, the question of whether there will be an

---

at 1118-19.

opportunity for review at a later point in the proceedings is irrelevant. Put another way, the fact that Plaintiff has raised other claims may satisfy the prong that there is the possibility of review, but it does not satisfy the prong that there is a possibility that U.S. law may apply, and both prongs must necessarily be met in order for the arbitration provision to be upheld. The court finds that Thomas controls, and because, in that case, the Eleventh Circuit determined that the arbitration clause was void, this Court must also find the arbitration clause in the Plaintiff's Agreement to be void. See, e.g., Meleskevics v. Carnival Corp., Case No. 10-CV-20588-CIV-UNGARO (S.D. Fla. June 22, 2010); Sivanandi v. NCL (Bahamas) Ltd., Case No. 10-20296-CIV-UNGARO (S.D. Fla. April 15, 2010); Kovacs v. Carnival Corp., No. 09-22630-CV-HUCK, 2009 WL 4980277 (S.D. Fla. Dec. 21, 2009).

In reaching this result, this Court respectfully disagrees with the contrary decision reached in Bulgakova v. Carnival Corp., No. 09-20023-CIV-SEITZ (S.D. Fla. Feb. 26, 2010). The Court also recognizes that several courts have enforced arbitration by severing the choice of law clause. See Meneses v. Carnival Corp., No. 10-CV-22073, 2010 WL 3221953 (S.D. Fla. Aug. 4, 2010); Willis v. Carnival Corp., No. 10-20732-CIV-KING (S. D. Fla. May 28, 2010); Dockeray v. Carnival Corp., No. 10-20799-CIV-ALTONAGA, 2010 WL 2813803 (S.D. Fla. May 11, 2010); Krstic v. Princess Cruise Lines, Ltd., Case No. 09-23846, 2010 WL 1542083 (S.D. Fla. Mar. 25, 2010); Cardoso v. Carnival Corp., No. 09-23442-CIV, 2010 WL 996528 (S.D. Fla. Mar. 16, 2010). This Court finds that with respect to the agreement involved in this case, this result would be contrary to the Eleventh Circuit's decision in Thomas. There, the Court specifically declared the "Arbitration Clause requiring arbitration in the Philippines under Panamanian law null and void" and there is nothing to suggest that the Court could not have severed the choice of law clause had it believed that was the

proper course of action. See Thomas, 573 F.3d at 1124.[5]

### Recommendation

Accordingly, this Court respectfully recommends that Plaintiff's Motion for Remand be **GRANTED**, and that Defendant's Motion to Compel Arbitration be **DENIED** as moot.[6]

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of October, 2010.

STEPHEN T. BROWN
CHIEF U. S. MAGISTRATE JUDGE

cc:   Honorable Jose E. Martinez
      Counsel of record

---

[5] This Court recognizes that the only claim subject to the Arbitration Clause in Thomas was the Seaman's Wage Act Claim and there are other non-statutory claims involved in the instant case. However, because Plaintiff's non-statutory claims also fall under the scope of the null and void arbitration clause, they must also be remanded.

[6] Because this Court finds merit in Plaintiff's first argument, the Court need not address the second.