UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number:10-21715-CIV-MARTINEZ-BROWN**

BERNARD MOROCHO,
    Plaintiff,

vs.

CARNIVAL  CORPORATION,  d/b/a
CARNIVAL CRUISE LINES,
    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE BROWN'S REPORT AND RECOMMENDATION AND CLOSING CASE

THE MATTER was referred to the Honorable Stephen T. Brown, Chief United States

Magistrate Judge, for a Report and Recommendation on Defendant's Motion to Compel

Arbitration (D.E. No. 3) and Plaintiff's Motion to Remand (D.E. No. 13). Plaintiff Bernard

Morocho ("Plaintiff") a Peruvian seaman and former employee of Defendant Carnival

Corporation ("Defendant") filed a five-count complaint against Defendant in the state court,

alleging Jones Act negligence, unseaworthiness, failure to provide maintenance and cure, failure

to treat, and seeking wages and penalties under 46 U.S.C. § 10313. Defendant removed the case

to this Court pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral

Awards Act, 9 U.S.C. § 201, *et seq*. ("the Convention Act") based on the arbitration provisions

in the Seafarer's Agreement ("the Agreement") entered into between the parties. Defendant also

filed a motion to compel foreign arbitration. Plaintiff then filed a motion to remand the case,

arguing that the arbitration provision in the Agreement is void under *Thomas v. Carnival Corp*.,

573 F. 3d 1113 (11th Cir. 2009) "because the choice-of-law and choice of forum clauses work in

tandem to operate as a prospective waiver of the seaman's right to pursue his statutory remedies

under U.S. law." (D.E. No. 13 at 1).

Magistrate Judge Brown filed a Report and Recommendation (D.E. No. 37), finding the arbitration provision is void under *Thomas* and recommending that Plaintiff's motion to remand be granted and that the motion to compel arbitration be denied as moot. Defendant has filed objections to the Report and Recommendation. The Court has reviewed the entire file and record[1] and has made a *de novo* review of the issues that the objections to Magistrate Judge Brown's Report and Recommendation present. After careful consideration and for the reasons set forth below, the Court finds Defendant's objections are without merit and affirms and adopts Magistrate Judge Brown's Report and Recommendation.

First, Defendant objects to Magistrate Judge Brown's Report and Recommendation, arguing that this Court should not determine the validity of the Seafarer's Agreement ("the Agreement") at issue in this case. Rather, under the Agreement, Defendant argues that this issue is one for the arbitrator to determine. Magistrate Judge Brown found it was appropriate for this Court to determine this issue "because Plaintiff has framed his issues as challenges to the validity of the arbitration delegation clause itself, as opposed to the entire Agreement" and such issues are for the Court to resolve. (D.E. No. 37 at 4). The Court agrees with Magistrate Judge Brown's conclusion. Here, Plaintiff challenged the arbitration delegation clause itself and its propriety in light of the choice of forum clause contained within the same provision and the choice of law clause contained within the next provision. This case is different from *Rent-A-Center, West, Inc. v. Jackson*, 130 S.Ct. 2772 (2010) where Jackson challenged the validity of his employment agreement as a whole and not just the arbitration delegation provision,[2] and the court found it

---

[1] The Court notes that it has listened to the tape recording of the hearing held on October 21, 2010 before Magistrate Judge Brown.

[2] "The delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement." *Jackson*, 130 S.Ct. at 2777. The delegation provision at issue in *Jackson* stated that "the arbitrator had exclusive authority to resolve any dispute relating to the . . .

could not consider such an argument where the agreement provided for such disputes to be resolved by the arbitrator.

Next, Defendant objects, arguing that *Thomas* does not invalidate the parties' agreement to arbitrate. The Court, however, agrees with Magistrate Judge Brown's finding that *Thomas* controls and the arbitration clause in the Agreement is void.[3] In *Thomas*, the Eleventh Circuit stated that "arbitration clauses should be upheld if it is evident that either U.S. law definitely will be applied or if there is a possibility that it might apply *and* there will later be review." 573 F.3d at 1123. In *Thomas*, however, the arbitration provision at issue in a Seafarer's Agreement specified that only Panamanian law would be applied in arbitration. *Id.* Thus, the court found that this would bar Thomas's claim under the Seaman's Wage Act, and the court found the arbitration provision null and void. The Court agrees that this reasoning applies equally to Plaintiff's Jones Act claim. Thus, here, where the choice-of-law provision at issue requires that Panamanian law be applied, this precludes Plaintiff's statutory claims under U.S. law and precludes even the possibility that U.S. law will be applied to Plaintiff's non-statutory claims. Therefore, the arbitration provision is null and void.

In the alternative, Defendant argues that this Court should sever the choice-of-law provision and compel arbitration. The Court, however, agrees with Magistrate Judge Brown that such a remedy is inappropriate in this case.[4] As stated above, under *Thomas,* "arbitration clauses should be upheld if it is evident that either U.S. law definitely will be applied or if there is a

---

enforceability . . . of this Agreement." *Id.* at 2779 (internal quotation marks omitted).

[3] The Court declines to follow *Bulgakova v. Carnival Corp.*, No. 09-20023-CIV, 2010 WL 5296962 (S.D. Fla. Feb. 26, 2010).

[4] The Court acknowledges as Magistrate Judge Brown did in his Report and Recommendation that there is a split of authority in this district with regard to severing claims under arbitration provisions like the one at issue in this case.

possibility that it might apply *and* there will later be review." 573 F.3d at 1123. Here, if the choice of law provision is severed, there is still no guarantee that U.S. law will be applied.[5] Even if there is a possibility that U.S. law will be applied, it is entirely possible that there will be no award in favor of Plaintiff and thus, no opportunity for later review. Thus, severing the choice of law provision from the Agreement will not cure its defects. *See Sivanandi v. NCL Ltd.*, 10-20296-CIV, 2010 WL 1975685, *4 n.7 (S.D. Fla. April 15, 2010) (finding the same). Therefore, it is hereby:

**ADJUDGED** that United States Magistrate Judge 's Report and Recommendation **(D.E. No. 37)** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that

1.    Plaintiff's Motion to Remand (D.E. No. 13) is **GRANTED.** The Clerk is DIRECTED to immediately remand this case to the Clerk of the Court for the Eleventh Judicial Circuit in and for Miami-Dade County.

2.    Defendant's Motion to Compel Arbitration (D.E. No. 3) is **DENIED as MOOT.**

3.    This Case is **CLOSED** and all pending motions are **DENIED** as **MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this ⎮4 day of January, 2011.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record
Clerk of the Court, Circuit Court of the 11th Judicial Circuit, Dade County

---

[5]The Court specifically notes that in this case there has been no stipulation that U.S. law will apply to the statutory claims even if this Court were to compel arbitration.